```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GORDON ROY PARKER,                  :    CIVIL ACTION
     Plaintiff,                     :
                                    :
     v.                             :
                                    :
LEARN THE SKILLS CORP., et al.,     :
     Defendants.                    :    No. 03-6936
```

**O R D E R**

**AND NOW**, this 3rd day of December 2004, in consideration of Plaintiff Gordon Roy Parker's ("Plaintiff") Second Amended Complaint (Doc. No. 52), and that Plaintiff's Second Amended Complaint fails to conform to this Court's Memorandum and Order[1]

---

[1] This Court's October 25, 2004, Memorandum and Order (Doc. No. 51) dismissed Plaintiff's Amended Complaint (Doc. No. 2) for failing to comply with Federal Rule of Civil Procedure 8(a)(2)'s "short and plain statement" requirement. However, that Memorandum instructed that if Plaintiff filed a second amended complaint that conformed to Rule 8(a)(2) on or before November 26, 2004, then the Court would reopen this matter sua sponte. While Plaintiff timely filed a second amended complaint, it fails to conform with Rule 8(a)(2).

In order to conform to Rule 8(a)(2), Plaintiff must plainly and shortly state the grounds upon which relief should be granted for each claim brought against each defendant. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The purpose for this rule is that defendants must be given fair notice of the claim and the grounds for the claim brought against them. Id.

It is important to note that Rule 8(a)(2) applies to the individual claims, not the pleading on the whole. It is axiomatic that the more claims alleged, the longer a complaint will be. Of course, a complaint is sometimes unavoidably long, but the length must not dilute the clarity. Rule 8(a)(2) achieves this balance by requiring both a short and a plain statement of each claim and the grounds upon which relief should be granted.

The claims alleged in Plaintiff's Second Amended

(Doc. No. 51) instructing Plaintiff to adhere to Federal Rule of Civil Procedure 8(a)(2)'s "short and plain statement" requirement, it is hereby **ORDERED** that Plaintiff's Second Amended Complaint (Doc. No. 52) is **DISMISSED WITHOUT PREJUDICE.**

                              BY THE COURT:


                              /s/ James McGirr Kelly, J.
                              JAMES McGIRR KELLY, J.

---

Complaint are neither short nor plain.  At first glance, Plaintiff has improved upon the eighty page First Amended Complaint (Doc. No. 2).  In Plaintiff's Second Amended Complaint, he was able to omit twenty-eight pages and over ninety-eight anonymous defendants.  Plaintiff was also able to label individual claims for relief against just two defendants.

   Beyond the first glance, however, it is the lack of any cogent or plain statement that dooms Plaintiff's Second Amended Complaint.  For each of the individual Counts, Plaintiff states conclusory legal elements or cross-references a laundry list of allegedly offensive comments without tying the two together in a decipherable way.  Only super-human patience would allow defendants to discern the relevance of each alleged fact to their potential defense.  Despite the complexity of Plaintiff's claims, Plaintiff must give the defendants in this matter notice and the ability to properly respond to the claims brought against them.  Plaintiff has failed to conform his amended pleading to the demands of Rule 8(a)(2) as instructed by this Court's October 25, 2004, Memorandum and Order.